THOMAS F. SIMPSON ET AL., APPELLANTS, V. CITY OF NORTH PLATTE, LINCOLN COUNTY, NEBRASKA, ET AL., APPELLEES.

338 N.W.2d 450

Filed September 23, 1983. No. 83-174.

Leonard P. Vyhnalek of McCarthy, McCarthy & Vyhnalek, for appellants.

Richard W. Satterfield, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

The plaintiffs have appealed from the judgment of the District Court, which sustained the defendants' motion for summary judgment and ordered the action dismissed.

This is the second appearance of this case here. Our former opinion, *Simpson v. City of North Platte* (*Simpson I*), may be found at 206 Neb. 240, 292 N.W.2d 297 (1980). In that action the plaintiffs, owners of certain real estate located within the City of North Platte, alleged for their first cause of action that a certain city ordinance, which required the dedication of a strip of land 40 feet off the side of their lot for street purposes before a building permit was issued, was unconstitutional, and prayed for a declaratory judgment to that effect. The second cause of action alleged that the plaintiffs had negotiated a lease covering their property to Colony Foods, Inc., for the purpose of constructing a fast-food restaurant, which required that the Simpsons construct a building and, of necessity, obtain a building permit. The petition further alleged the denial of the permit by the city, the loss of the lease and damages due to the loss of the rental income, as detailed in the petition, and costs of engineering, planning, attorney fees, and abstracting expense. The trial court held that the ordinance was not unconstitutional, sustained a demurrer, and dismissed the plaintiffs' petition. On appeal we disagreed, held

the ordinance to be unconstitutional, and remanded the case for further proceedings.

Sometime after our opinion in *Simpson I* was released, the plaintiffs filed a so-called Section 1983 action (*Simpson II*) in the U.S. District Court for the District of Nebraska against the same parties, who have been and are defendants in the state court actions. The complaint detailed the same set of facts as alleged in the state action, i.e., the ownership of the property, the negotiated lease, the refusal of the city to issue the building permit due to the plaintiffs' refusal to comply with the ordinance, the unconstitutionality of the ordinance, the terms of the lease which was lost, and the attending expenses. The insurance carrier for the city assumed the defense of that action and eventually entered into a compromise settlement, whereby the plaintiffs were paid the sum of $15,000. On May 1, 1981, pursuant to a dismissal with prejudice filed by the plaintiffs, the U.S. District Court ordered the cause of action dismissed.

In the meantime, on September 5, 1980, the plaintiffs filed an amended petition in this action, now called *Simpson III*, which in effect simply dropped the cause of action for declaratory relief regarding the unconstitutionality of the ordinance, and repeated the same language as that found in the original petition relating to the terms of the lease and the losses suffered by the plaintiffs. This language was identical, for the most part, with the allegations contained in the complaint filed in federal court.

In *Simpson III*, the present case, the District Court sustained the defendants' motion for summary judgment, and this appeal followed. The plaintiffs assign as error the sustaining of the motion, the court's finding that there were no facts to be resolved, and the court's determination that the doctrine of res judicata applied. We find that the dismissal of the action in federal court was tantamount

to a judgment on the merits in favor of the defendants, which judgment was res judicata as to the present action.

The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *Bank of Mead v. St. Paul Fire & Marine Ins. Co.*, 202 Neb. 403, 275 N.W.2d 822 (1979). A judgment of dismissal on the merits operates to preclude subsequent relitigation of the same cause of action. *Durousseau v. Nebraska State Racing Commission*, 194 Neb. 288, 231 N.W.2d 566 (1975). As a general rule, a dismissal with prejudice is an adjudication on the merits, and where the parties to an action have settled their dispute and agreed to a dismissal, that is a retraxit and amounts to a decision upon the merits. *Mensing v. Sturgeon*, 250 Iowa 918, 97 N.W.2d 145 (1959). See, also, *Balley v. Davis*, 75 Idaho 73, 267 P.2d 631 (1954).

The plaintiffs argue that the causes of action are not the same because one was a civil rights action and the present action is in the nature of inverse condemnation. This is not true. Both pleadings alleged a cause of action resulting from loss of the lease and its benefits, and the incurring of certain expenses. The two cases merely proceeded on different theories to redress the same wrong.

A case strikingly similar to the case at bar is *City of Los Angeles v. Superior Court, etc.*, 85 Cal. App. 3d 143, 149 Cal. Rptr. 320 (1978). That was an action seeking damages because of an alleged wrongful seizure of personal property for nonpayment of taxes. Pleading the same facts, but denominating it as a civil rights complaint, the plaintiffs filed an action in federal court which resulted in a verdict for the defendants. The California court held that the two causes of action were the same. "Pragmatically it would be difficult to distinguish the rights asserted in Levy III [state action] from those sought

to be vindicated in Levy II. Reviewing, for example, a document entitled 'Memorandum of Contentions of Fact and Law' filed by Levy in the United States District Court on December 2, 1974, we find its substance to be a paraphrase of the complaint in Levy III. . . . In other words, its constitutional overtones aside, the civil rights action was designed to vindicate precisely the same interests in Levy's personal property that he seeks to vindicate in the matter before us.

". . . The contours of Levy's civil rights action were therefore shaped by his interests in the personal property converted and withheld by the city and county employees—precisely the same rights which the second state action is all about." 149 Cal. Rptr. at 325-26.

There was no disputed fact question, the U.S. District Court case was res judicata, and the action of the District Court here in sustaining the motion for summary judgment was correct.

AFFIRMED.

McCOWN, J., not participating.