Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/28/2016 09:09 AM CDT

In re Interest of Antonio J. et al.,
children under 18 years of age.
State of Nebraska, appellant, v. Arturo H.
and Noemi M., appellees.

___ N.W.2d ___

Filed October 28, 2016.    No. S-16-276.

1. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court.
2. **Juvenile Courts: Pretrial Procedure: Dismissal and Nonsuit.** Prior to trial, the State may dismiss a count of a juvenile court petition as a matter of right.
3. **Dismissal and Nonsuit: Judgments.** As a general rule, a dismissal with prejudice is an adjudication on the merits.

Appeal from the Separate Juvenile Court of Douglas County: Elizabeth Crnkovich, Judge. Affirmed as modified.

Donald W. Kleine, Douglas County Attorney, and Anthony Hernandez for appellant.

Mariette C. Achigbu for appellee Arturo H.

Lynnette Z. Boyle, of Tietjen, Simon & Boyle, guardian ad litem.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Cassel, J.

## INTRODUCTION

At the beginning of a juvenile adjudication hearing, the State moved to dismiss without prejudice two factual allegations of the petition. Instead, the juvenile court ordered those allegations dismissed with prejudice. Because the State was entitled to dismiss the allegations as a matter of right, the allegations should have been dismissed without prejudice. We modify the order accordingly.

## BACKGROUND

On August 25, 2015, the State filed an amended petition seeking to adjudicate five children under Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2014). Count I contained five allegations concerning the fault or habits of the mother, while the four allegations under count II regarded the fault or habits of the father.

Six months after the filing of the amended petition, the juvenile court held an adjudication hearing. At the beginning of the hearing, the State moved to dismiss without prejudice two paragraphs, which alleged that the father had subjected a juvenile to inappropriate sexual contact and that the mother knew or should have known of such contact. The following colloquy ensued:

> THE COURT: No. I'm not going to do that without prejudice. Why are you dismissing it?
> [The State]: Because the State is not going — doesn't have evidence to prove those allegations, Your Honor.
> THE COURT: Why did you file it then?
> [The State]: Because the evidence I had at that time didn't pan out, Your Honor.
> THE COURT: Well, I'm not dismissing it without prejudice.
> [The State]: So just for the State's clarification, this Court is going to dismiss it with prejudice?
> THE COURT: Yes.

The State then informed the court of the plea agreement that had been reached. Under the agreement, the mother and father admitted the allegations of the amended petition that they failed to provide proper parental care, support, and supervision for the children and that the children were at risk for harm. The State then dismissed the remaining allegations. The court accepted the parents' admissions and adjudicated the children. The court's adjudication order shows that it dismissed two allegations with prejudice, that the parents each admitted to two allegations, and that the remaining allegations were "hereby dismissed."

The State timely appealed, and we moved the case to our docket.[1] Upon the filing of a joint motion to waive oral argument, we submitted the case without oral argument.[2]

### ASSIGNMENT OF ERROR

The State assigns that the juvenile court erred in dismissing its allegations with prejudice despite not receiving any evidence.

### STANDARD OF REVIEW

[1] When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court.[3]

### ANALYSIS

This court has previously addressed the dismissal of a juvenile court action by a county attorney. In *In re Interest of Moore*,[4] the county attorney filed a two-count petition in juvenile court alleging that a juvenile was delinquent or a

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2015).

[2] See Neb. Ct. R. App. P. § 2-111(E)(6) (rev. 2014).

[3] *In re Interest of Enyce J. & Eternity M.*, 291 Neb. 965, 870 N.W.2d 413 (2015).

[4] See *In re Interest of Moore*, 186 Neb. 67, 180 N.W.2d 917 (1970).

child in need of special supervision. Prior to trial, the county attorney moved to dismiss count II. The juvenile court overruled the motion. After trial, the court found count II to be true and dismissed count I. On appeal, we addressed the juvenile court's authority to overrule the county attorney's motion to dismiss count II. We stated that proceedings in juvenile court are quasi-criminal in character but are generally considered to be civil actions unknown at common law. We then observed that, without leave of court, a criminal action could be dismissed by the prosecuting attorney at any time before a jury was impaneled and a civil action may be dismissed any time before final submission. We determined that "the county attorney, when not disqualified, may dismiss the action without leave of court."[5]

[2] *In re Interest of Moore* teaches that prior to trial, the State may dismiss a count of a juvenile court petition as a matter of right. The phrase "without leave of court" means without the court's permission.[6] Because the court's permission is not needed, it follows that the dismissal of a count of a juvenile court petition prior to trial is a matter of right. In similar fashion, we have held that the right of the plaintiff to voluntary dismissal generally is a right and is not a matter of judicial grace or discretion.[7]

[3] The State was entitled to dismiss the factual allegations at issue without prejudice. At the outset of the adjudication hearing, before any admissions were made or evidence was adduced, the State asked to dismiss two of its factual allegations without prejudice. The court allowed the dismissal of the factual allegations at issue, but ordered that the dismissal

[5] *Id.* at 70, 180 N.W.2d at 918.

[6] See Black's Law Dictionary 1028 (10th ed. 2014) ("leave of court" means "[j]udicial permission to follow a nonroutine procedure").

[7] See, *Knapp v. Village of Beaver City*, 273 Neb. 156, 728 N.W.2d 96 (2007); *In re Guardianship of David G.*, 18 Neb. App. 918, 798 N.W.2d 131 (2011).

was to be with prejudice. But as a general rule, a dismissal with prejudice is an adjudication on the merits.[8] Here, the case had not been finally submitted at the time the State moved to dismiss the pertinent allegations. The merits of the State's case had not yet been passed upon. The juvenile court erred in ordering the dismissal to be with prejudice.

## CONCLUSION

Because the State sought dismissal of the two factual allegations at issue before any evidence was presented and before the parents entered their admissions to certain counts, the juvenile court erred in ordering the dismissal to be with prejudice. We therefore modify the adjudication order to reflect that the two allegations identified by the State are dismissed without prejudice. As so modified, the order is affirmed.

AFFIRMED AS MODIFIED.

---

[8] See *Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450 (1983).