Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/27/2023 08:04 AM CDT

Kimberly Bohling, appellant, v.
Tecumseh Poultry LLC, appellee.

___ N.W.2d ___

Filed April 27, 2023.    No. S-22-604.

1. **Actions: Proof.** In a malicious prosecution case, the conjunctive elements for the plaintiff to establish are (1) the commencement or prosecution of the proceeding against the plaintiff, (2) its legal causation by the present defendant, (3) its bona fide termination in favor of the plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damages.

2. **Appeal and Error.** To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.

3. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party.

4. **Judgments: Claim Preclusion: Issue Preclusion: Appeal and Error.** The applicability of claim and issue preclusion is a question of law. On a question of law, an appellate court reaches a conclusion independent of the court below.

5. **Judgments: Claim Preclusion.** Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.

6. **Claim Preclusion.** The doctrine of claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.

7. **Dismissal and Nonsuit: Judgments.** A dismissal based on a failure to state a cause of action is a judgment on the merits.

8. \_\_\_\_: \_\_\_\_. As a general rule, a dismissal with prejudice is an adjudication on the merits.

9. **Claims: Parties: Final Orders: Appeal and Error.** If a court enters an order that is final as to some—but not all—of the claims, the order is appealable only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Without such an entry of judgment, an order adjudicating fewer than all claims is not final and is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

10. **Judgments.** A judgment rendered by a court of competent jurisdiction is conclusive upon the parties thereto, even though the judgment is erroneous.

11. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.

Appeal from the District Court for Lancaster County: Ryan S. Post, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Marcia A. Washkuhn and Meaghan M. Gandy, of Kutak Rock, L.L.P., for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Lux, District Judge.

Cassel, J.

## INTRODUCTION

Kimberly Bohling twice sued her former employer for malicious prosecution based on her criminal prosecution. In the first action, the district court for Johnson County ultimately dismissed the malicious prosecution claim "with prejudice" for failure to state a claim. In this second action, the

district court for Lancaster County dismissed the complaint after finding that claim preclusion applied and that the complaint failed to state a claim. We conclude that the judgment in the first action, even if erroneous, was on the merits and not appealed, and that claim preclusion applies. We affirm.

## BACKGROUND

[1] This appeal involves an action for malicious prosecution. In a malicious prosecution case, the conjunctive elements for the plaintiff to establish are (1) the commencement or prosecution of the proceeding against the plaintiff, (2) its legal causation by the present defendant, (3) its bona fide termination in favor of the plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damages.[1]

We begin by briefly summarizing the complaint filed in the case now before us, from Lancaster County. We then review the Lancaster County hearing on the motion to dismiss, which included taking notice of public records from the earlier criminal and civil proceedings in Johnson County. We then summarize the Johnson County records. We conclude this section by recapping the district court's reasoning in dismissing the Lancaster County case.

### Complaint in Lancaster County

On February 15, 2022, Bohling filed a complaint against Tecumseh Poultry LLC in the district court for Lancaster County. The complaint sought damages for malicious prosecution. Allegations contained in the complaint follow.

Bohling worked for Tecumseh Poultry at one of its farms in Johnson County, Nebraska. In December 2018, Bohling witnessed a coworker hugging and kissing a supervisor on Tecumseh Poultry's property. Bohling reported the incident and was immediately placed on probation.

---

[1] *McKinney v. Okoye*, 287 Neb. 261, 842 N.W.2d 581 (2014).

In January 2019, Bohling expressed frustration, related to her employment, on a social media website. Tecumseh Poultry then terminated her employment. Three days later, agents of Tecumseh Poultry accused Bohling of vandalizing the company's property. After multiple other incidents, law enforcement searched Bohling's home and arrested her.

The State filed an information in the district court for Johnson County charging Bohling with 10 felonies. It subsequently filed an amended information that retained three of the original charges and added three misdemeanor charges. Following a jury trial, the jury deadlocked on the felony charges, found Bohling guilty of one misdemeanor, and found her not guilty of the other two misdemeanor charges.

Bohling alleged that Tecumseh Poultry's actions constituted a malicious prosecution. She asserted that Tecumseh Poultry "presented to the complaints and evidence that were demonstrably unreliable, mispleading [sic], or false" with "[t]he obvious and intended result [being] to cause her prosecution." She further alleged that Tecumseh Poultry's actions were the direct and proximate cause of damage and harm to her, including attorney fees and costs of $35,589.55 incurred to defend herself.

## Motion to Dismiss and Hearing

Tecumseh Poultry filed a motion to dismiss with prejudice or, in the alternative, to change venue to Johnson County. It asserted that the complaint failed to state a claim upon which relief could be granted under Neb. Ct. R. Pldg. § 6-1112(b)(6).

At the hearing, Tecumseh Poultry asked the court to consider public records from the Johnson County civil and criminal proceedings involving Bohling. The court did so, stating that it took judicial notice of the existence of documents and not the truth of any facts contained therein.

## Johnson County Public Records

We summarize the respective Johnson County documents from both proceedings in essentially chronological order. In

the criminal case, the State filed the original information on July 22, 2019. One week later, Bohling sued Tecumseh Poultry. Among other claims, the civil complaint asserted one for malicious prosecution. In a March 30, 2020, order, the court found that Bohling failed to plead a claim for malicious prosecution. It dismissed with prejudice all claims except a gender discrimination claim. Thus, the gender discrimination claim remained outstanding as of March 2020.

In the criminal case, the State filed the amended information on January 12, 2021. The matter then proceeded to a jury trial. On February 16, the court filed the verdict form, which showed that the jury "[d]eadlocked" as to the three original felony charges and found Bohling guilty of one misdemeanor.

Over 9 months after the verdict in the criminal case, the court entered a "30 day order of dismissal" in the civil case. On December 27, 2021 (the first court day more than 30 days after the warning order), the court entered an order dismissing the remainder of Bohling's complaint.

On the same day as the final dismissal order, Bohling filed a "Showing and Motion to Set Aside the Dismissal" and a motion to amend the complaint. In the motion to set aside the dismissal, Bohling's counsel stated that she communicated with counsel for Tecumseh Poultry to discuss filing an amended complaint to reassert the malicious prosecution claim and that the parties were awaiting termination of the criminal matter before proceeding with the civil trial so that all issues could be joined. Counsel asserted that the last day to comply with the "30 day order of dismissal" was a court holiday and that she filed the instant motion on the next business day. On February 8, 2022, the court overruled the motion to set aside the dismissal.

### Lancaster County Dismissal

The district court for Lancaster County entered an "Order of Dismissal." The court began its analysis by considering whether the suit was barred by claim preclusion. The court

stated that Bohling did not contest that the judgment from Johnson County was rendered by a court of competent jurisdiction; that the judgment was a final, appealable judgment; and that the same parties were involved. Thus, the court focused on whether the judgment was on the merits and determined that it was. The court reasoned that the March 2020 order addressed a motion to dismiss for failure to state a claim and that the court found Bohling "'failed to plead a claim for malicious prosecution.'" The court stated that Bohling could have appealed if she believed the dismissal with prejudice was erroneous, but that she did not.

The court next reasoned that even if claim preclusion did not apply, Bohling failed to state a claim for malicious prosecution. The court detailed that the complaint did not allege sufficient facts to demonstrate (1) Bohling's underlying criminal proceedings resulted in a bona fide termination in her favor, (2) legal causation by Tecumseh Poultry, or (3) an absence of probable cause for the criminal charges against her. The court denied Bohling's request for leave to amend, reasoning that any amendment would be futile.

Bohling filed a timely appeal, which we moved to our docket.[2]

## ASSIGNMENTS OF ERROR

Bohling assigns, consolidated and restated, that the district court erred in (1) determining that the Johnson County order dismissing the malicious prosecution claim as premature was a finding on the merits that precluded her current lawsuit and (2) finding that the complaint failed to adequately plead a cause of action for malicious prosecution.

[2] Bohling did not assign error to the district court's consideration of public records. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

the error.[3] Thus, we do not address whether the court erred in considering those records.

## STANDARD OF REVIEW

[3] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party.[4]

[4] The applicability of claim and issue preclusion is a question of law.[5] On a question of law, an appellate court reaches a conclusion independent of the court below.[6]

## ANALYSIS

### CLAIM PRECLUSION

Bohling first challenges the court's determination that her complaint was barred. Although her brief refers to issue preclusion, the district court relied upon claim preclusion.

[5,6] Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.[7] The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.[8]

---

[3] *Simons v. Simons*, 312 Neb. 136, 978 N.W.2d 121 (2022).

[4] *Trausch v. Hagemeier*, 313 Neb. 538, 985 N.W.2d 402 (2023).

[5] *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014).

[6] *Id.*

[7] *Trausch v. Hagemeier, supra* note 4.

[8] *Id.*

The dispute centers on whether the Johnson County March 2020 dismissal, with prejudice, of the malicious prosecution claim was a judgment on the merits. Arguing that it was not, Bohling focuses on language in the order stating that the claim was "premature" and not "ripe." Tecumseh Poultry, on the other hand, points to the order's language of dismissal "with prejudice" and the court's finding that Bohling "failed to plead a claim for malicious prosecution."

The March 2020 order, read as a whole, demonstrates that the court for Johnson County dismissed the malicious prosecution claim because the complaint failed to state a claim. To start, the matter was before that court on a motion to dismiss for failure to state a claim upon which relief could be granted.[9] In the court's analysis, it stated that the complaint did not allege there was a bona fide termination of the criminal charges in Bohling's favor and that "[a]s a result, [Bohling] failed to plead a claim for malicious prosecution." The court reasoned that Bohling could not "presently cure this missing element of her malicious prosecution claim." In the order's conclusion section, the court found that Bohling "failed to plead a claim for . . . malicious prosecution" and that "any attempt at this time to amend would be futile." The court therefore dismissed the malicious prosecution claim "with prejudice."

[7,8] A dismissal based on a failure to state a cause of action is a judgment on the merits.[10] And here, the court for Johnson County stated that it dismissed the malicious prosecution claim with prejudice. As a general rule, a dismissal with prejudice is an adjudication on the merits.[11] If Bohling believed that the court erred in dismissing the claim with

---

[9] See § 6-1112(b)(6).

[10] See, *Schaeffer v. Frakes*, 313 Neb. 337, 984 N.W.2d 290 (2023); *Swift v. Dairyland Ins. Co.*, 250 Neb. 31, 547 N.W.2d 147 (1996).

[11] *In re Interest of Antonio J. et al.*, 295 Neb. 112, 886 N.W.2d 522 (2016). See, also, *Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450 (1983).

prejudice, she should have brought the matter to the court's attention or, at the appropriate time, filed an appeal.

[9] It is important to note that the March 2020 order was interlocutory. Although it dismissed several claims, one remained. If a court enters an order that is final as to some— but not all—of the claims, the order is appealable "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."[12] Without such an entry of judgment, an order adjudicating fewer than all claims is not final and is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[13] Here, the Johnson County order did not expressly direct entry of judgment under § 25-1315. (We are not suggesting that it would have been proper to do so.) Thus, Bohling could not appeal until the court disposed of all claims.

The final disposal of the Johnson County claims occurred in December 2021, when the court dismissed the complaint for lack of prosecution. When the court overruled Bohling's motion to set aside the dismissal, which motion was in essence a motion to alter or amend,[14] the time for an appeal began running. She did not file an appeal within 30 days.

[10] By failing to challenge the March 2020 dismissal with prejudice, it became a judgment on the merits not subject to collateral attack. A judgment rendered by a court of competent jurisdiction is conclusive upon the parties thereto, even though the judgment is erroneous.[15]

On this point, *Swift v. Dairyland Ins. Co.*[16] is informative. There, an injured motorist brought a declaratory judgment suit against her insurer for uninsured motor vehicle coverage.

---

[12] See Neb. Rev. Stat. § 25-1315(1) (Reissue 2016).

[13] *Id.*

[14] See Neb. Rev. Stat. § 25-1329 (Reissue 2016).

[15] *Swift v. Dairyland Ins. Co., supra* note 10.

[16] *Id.*

The trial court granted the insurer's demurrer, stating that it could not determine the insurer's obligation to pay until determination of the uninsured motorist's liability. The court ultimately dismissed the action, and the motorist did not appeal. After the motorist obtained a judgment against the uninsured motorist, she sued her insurer for breach of contract. The trial court entered summary judgment in the insurer's favor. On appeal, we stated that the trial court erred in granting the demurrer and dismissing the case in the first action. However, we determined that claim preclusion applied to the second action. We observed that a judgment of dismissal after sustaining a demurrer based on the failure to state a cause of action was a judgment on the merits. We reasoned that the motorist's original petition was sufficient to state a cause of action, that she failed to stand on her petition and appeal the erroneous dismissal, and that the order therefore became a final judgment on the merits.

Similar reasoning applies here. Although the March 2020 dismissal for failure to state a claim was interlocutory, it became a final judgment following the court's dismissal of the complaint. When Bohling failed to appeal, the court's decision became a final judgment on the merits entered by a court of competent jurisdiction in an action in which Bohling and Tecumseh Poultry were parties. Like in *Swift*, claim preclusion applied to the later action.

Because the dismissal of the malicious prosecution claim in Johnson County was a judgment on the merits, Bohling's claim for malicious prosecution in Lancaster County was barred by claim preclusion. The district court for Lancaster County properly dismissed the complaint on that basis.

### FAILURE TO STATE CLAIM

[11] Bohling also challenges the court's alternative basis for dismissal: that she failed to state a claim for malicious prosecution. Because we have determined that the court properly dismissed the complaint on claim preclusion grounds,

we need not resolve whether its dismissal on the alternative ground was also correct. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.[17]

## CONCLUSION

Because the dismissal with prejudice of Bohling's first malicious prosecution action became a judgment on the merits and the other elements of claim preclusion were satisfied, the district court properly dismissed this second malicious prosecution action. We affirm its judgment.

AFFIRMED.

MILLER-LERMAN, J., not participating.

_____

[17] *Diedra T. v. Justina R.*, 313 Neb. 417, 984 N.W.2d 312 (2023).