IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

MUMIN V. CHEF LEE, TASTE OF NEW ORLEANS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DUKHAN MUMIN, APPELLANT,

V.

CHEF LEE, ALSO KNOWN AS LEE FRANKLIN, JR., TASTE OF NEW ORLEANS, ET AL., APPELLEES.

Filed October 17, 2023.   No. A-23-018.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Dukhan Mumin, pro se.

Lawrence K. Sheehan and Lauren R. Kirkland, of Ellick, Jones, Buelt, Blazek & Longo, L.L.P., for appellees.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

MOORE, Judge.

### INTRODUCTION

Dukhan Mumin appeals from the order of the district court for Douglas County, granting the motion of Lee Franklin, Jr. (Franklin), and Mantoya Johnson (Johnson) to dismiss Mumin's complaint alleging wrongful termination from his employment at Taste of New Orleans restaurant. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

On August 9, 2022, Mumin, a self-represented litigant, filed a complaint in the district court against "Chef Lee, Taste of New Orleans," alleging that in about June 2022, he entered into a verbal agreement/contract with the chef in which Mumin agreed to leave his job at another restaurant and the chef agreed to hire Mumin to work as a cook at the Taste of New Orleans

- 1 -

restaurant for $16 per hour. Mumin also alleged that he was told he could operate the restaurant's food truck for $20 per hour. Mumin further alleged that after working "the first 35 hours" and being paid for that work, his employment was subsequently terminated, causing him damage. With respect to his termination, Mumin alleged that he was contacted and told not to report to work on certain days. Mumin alleged that when he contacted the chef to inquire about "what was going on," the chef told him that the chef had fired the individual who had been training Mumin and that Mumin would not need to report to work until the chef found a replacement for that individual. Mumin also alleged that the chef told him another employee of the restaurant was "'a good worker, but he is not a good trainer,'" that the chef told Mumin to find another job and he would call Mumin if he needed him, that the chef never attempted to call him, and that the chef refused to respond to further inquiries. Mumin alleged that the chef breached their contract by "failing to hold up his part of the deal" and that Mumin sustained lost wages "for the entire year" amounting to $30,720. Mumin also sought "special and punitive damages" in the amount of $92,160 and such other relief as the court deemed fair and equitable.

On September 12, 2022, Franklin filed a motion to dismiss, alleging that he had been served with summons in the lawsuit and seeking dismissal in part on insufficiency of process on the correct defendant under Neb. Ct. R. Pldg. § 6-1112(b)(4). In a pleading in opposition to the motion to dismiss, Mumin identified the defendant as "Lee Franklin Jr." Mumin subsequently filed an amended complaint, again naming "Chef Lee, Taste of New Orleans," and adding Johnson as a defendant, alleging that she is part owner of the business, Taste of New Orleans, and that she participated in the decision to terminate Mumin.

On December 2, 2022, Franklin and Johnson filed an amended motion to dismiss, again citing § 6-1112(b)(4), as well as § 6-1112(b)(6). With respect to § 6-1112(b)(6), Franklin and Johnson alleged that Mumin's complaint failed to state a claim upon which relief can be granted as he alleged facts showing that he was an at-will employee, and as such, his employment could be terminated at any time with or without reason. They further asserted that Mumin had not alleged any proper damages because he requested "lost future wages, special and punitive damages."

A hearing was held before the district court via video conference on December 7, 2022, with Mumin appearing self-represented from "the Work Ethic Camp," and Franklin and Johnson appearing by counsel. Arguments were presented and the case was taken under advisement. In his arguments, the attorney for Franklin and Johnson, who also represented Taste of New Orleans, noted that Taste of New Orleans had never been served.

On December 13, 2022, the district entered an order, granting Franklin and Johnson's motion to dismiss. After noting case law propositions regarding treatment of motions to dismiss under § 6-1112(b)(6), the court found that Mumin "cannot overcome the insuperable bar to relief as this is an oral at-will employment agreement." The court then dismissed the case.

Mumin subsequently filed a timely appeal.

ASSIGNMENTS OF ERROR

Mumin assigns that the district court erred by (1) failing to follow the doctrine of stare decisis on the issue of "what constituted a contract as opposed to at-will employment," (2) "being influenced by opposing counsel," and (3) granting Franklin and Johnson's motion to dismiss. Brief for appellant at 2. Mumin does not specifically argue his second assigned error, and we do not

address it further. See *Bohling v. Tecumseh Poultry*, 314 Neb. 129, 988 N.W.2d 529 (2023) (to be considered by appellate court, alleged error must be both specifically assigned and specifically argued in brief of party asserting error).

STANDARD OF REVIEW

A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party. *Id.*

ANALYSIS

On appeal, Mumin argues that the district court erred in granting Franklin and Johnson's motion to dismiss under § 6-1112(b)(6) for failure to state a claim. He argues that there was "a unilateral contract in place," that the appellees violated public policy by breaching that contract, and that the breach resulted in his wrongful discharge. Brief for appellant at 5. Mumin also references promissory estoppel.

Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing the pleader's entitlement to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Edwards v. Estate of Clark*, 313 Neb. 94, 982 N.W.2d 788 (2022). The rationale for a liberal notice pleading standard in civil actions is that when parties have a valid claim, they should recover on it regardless of failing to perceive the true basis of the claim at the pleading stage. *Id.*

To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Id.* In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id.*

Mumin's breach of contract claim for wrongful discharge relies on his assertion that there was a unilateral contract in place. When employment is not for a definite term and there are no contractual, statutory, or constitutional restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause it chooses. *Blinn v. Beatrice Community Hosp. & Health Ctr.*, 270 Neb. 809, 708 N.W.2d 235 (2006). See, also, *Oldfield v. Nebraska Machinery Co.*, 296 Neb. 469, 894 N.W.2d 278 (2017) (unless constitutionally, statutorily, or contractually prohibited, employer, without incurring liability, may terminate at-will employee at any time with or without reason). Oral representations may, standing alone, constitute a promise sufficient to create contractual terms which can modify the at-will status of an employee. *Blinn v. Beatrice Community Hosp. & Health Ctr., supra.* In an action for breach of an employment contract, the burden of proving the existence of a contract and all the facts essential to the cause of action is upon the person who asserts the contract. *Kercher v. Board of Regents*, 290 Neb. 428, 860 N.W.2d 398 (2015).

The language which forms the basis of an alleged employment contract, whether oral or written, must constitute an offer definite in form which is communicated to the employee, and the offer must be accepted and consideration furnished for its enforceability. *Blinn v. Beatrice*

*Community Hosp. & Health Ctr., supra*. When a definite offer of employment is communicated to an employee, the employee's retention of employment constitutes acceptance of the offer of a unilateral contract because by continuing to stay on the job although free to leave, the employee supplies the necessary consideration for the job. *Id.* For a unilateral contract of employment to exist, the employer must manifest a clear intent to make a promise as an offer of employment other than employment at will, and to be bound by it, so as to justify an employee in understanding that a commitment has been made. *Id.* Whether a proposal is meant to be an offer for a unilateral contract is determined by the outward manifestations of the parties, not by their subjective intentions. *Id.*

In *Blinn*, the employee was deciding whether to continue his current employment or change employers. He wanted a job opportunity that would last until he retired. His then current employer told him there were at least 5 more years of work to do. The Nebraska Supreme Court found that the employer's assurance was not a clear offer of definite employment and that it did not manifest an intent to create a unilateral contract. Accordingly, the Supreme Court concluded that the record did not establish sufficient evidence to conclude that the current employer intended to offer a contract of employment to the employee on terms other than employment at will.

Here, Mumin alleged that he and "Chef Lee" discussed the details for Mumin's employment as a cook at the Taste of New Orleans restaurant, that he was told his rate of pay would be $16 in the restaurant and $20 if operating the food truck, that he worked for a period and was paid for that work, and that he was terminated from his employment when the restaurant no longer had the resources to train him. Mumin did not allege that the oral offer of employment was for a definite term. In short, he has not alleged facts showing that the oral offer of employment and assurances given to him manifested a clear intent to make a promise as an offer of employment other than employment at will. The district court did not err in concluding that Mumin was an at-will employee.

Mumin also references promissory estoppel in his arguments on appeal. A plaintiff claiming promissory estoppel need not show a promise definite enough to support a unilateral contract, but it must be definite enough to show that the plaintiff's reliance on it was reasonable and foreseeable. *Weitz Co. v. Hands, Inc.*, 294 Neb. 215, 882 N.W.2d 659 (2016). The employee in *Blinn v. Beatrice Community Hosp. & Health Ctr.*, 270 Neb. 809, 708 N.W.2d 235 (2006) also made a claim for promissory estoppel due to his decision to decline an offer for other employment based on his current employer's assurances of there being at least 5 more years of work available. The Nebraska Supreme Court found that while the evidence was insufficient to conclude that the employer intended to offer the employee a unilateral contract, there was sufficient evidence, if believed by the trier of fact, to conclude that the employee reasonably and foreseeably relied on the assurances of a fixed term of employment, and that the employer breached that promise. In other words, there was a genuine issue of material fact and summary judgment on his claim of promissory estoppel was not proper. Here, Mumin has not alleged any promises of employment for a definite term or of job security such that that he reasonably and foreseeably relied on them. Nor has he alleged the breach of any such promises or assurances by the appellees. Mumin's arguments to the contrary fail.

Finally, Mumin argues that he was wrongfully terminated under the public policy exception to at-will employment. Under the public policy exception to the at-will employment doctrine, an

employee may claim damages for wrongful discharge when the motivation for the firing contravenes public policy. *Knapp v. Ruser*, 297 Neb. 639, 901 N.W.2d 31 (2017). The public policy exception is restricted to cases when a clear mandate of public policy has been violated, and it should be limited to manageable and clear standards. *Id.* In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme. *Id.* See, also, *Trosper v. Bag 'N Save*, 273 Neb. 855, 734 N.W.2d 704 (2007) (citing instances in which exception has been recognized in Nebraska). Mumin has not alleged conduct contravening the letter or purpose of a constitutional, statutory, or regulatory provision or scheme. His arguments that he was wrongfully discharged in violation of public policy fail.

Mumin's amended complaint, on its face, clearly shows that Mumin was an at-will employee. He did not allege facts showing a claim for promissory estoppel or that his termination was in violation of public policy. Nor do the factual allegations in his complaint suggest the existence of the missing elements of his claims, and his allegations do not raise a reasonable expectation that discovery will reveal evidence of the element or claim. The district court did not err in granting the appellees' motion to dismiss for failure to state a claim for relief.

CONCLUSION

The district court did not err in granting the appellees' motion to dismiss for failure to state a claim.

AFFIRMED.