HOWARD D. VANN, APPELLANT, V. NORWEST BANK NEBRASKA, N.A., A NATIONAL BANKING ASSOCIATION, APPELLEE.

591 N.W. 2d 574

Filed April 2, 1999.    No. S-98-139.

Larry A. Jobeun, of Walsh, Fullenkamp & Doyle, for appellant.

Donald J. Pavelka, Jr., of Hansen, Engles & Locher, P.C., for appellee.

HENDRY, C.J., WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Howard D. Vann (Vann) commenced this action for an accounting to determine the fairness and reasonableness of fees and expenses charged to him pursuant to a written agreement between Vann and Norwest Bank Nebraska, N.A. (Norwest). The district court sustained Norwest's motion for summary judgment, finding that res judicata barred Vann's cause of action.

## SCOPE OF REVIEW

The applicability of the doctrine of res judicata to this case presents a question of law. See, *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994); *Petska v. Olson Gravel, Inc.*, 243 Neb. 568, 500 N.W.2d 828 (1993); *L. J. Vontz Constr. Co. v. City of Alliance*, 243 Neb. 334, 500 N.W.2d 173 (1993).

In reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Goff-Hamel v. Obstetricians & Gyns., P.C., ante* p. 19, 588 N.W.2d 798 (1999).

## FACTS

In November 1989, Vann and R. Thomas Vann (the Vanns) entered into a purchase agreement with Citi-Omaha Partners II (Partners II) for the construction and sale of a 36-unit apartment building and related improvements (the apartments) on a lot owned by the Vanns.

On January 26, 1990, the Vanns obtained a 1-year construction loan from Norwest. The Vanns executed and delivered a promissory note to Norwest that was secured by a deed of trust to the apartments. In August, Partners II took possession of the apartments but did not close on the purchase agreement.

Subsequently, Partners II commenced a declaratory judgment action against the Vanns, seeking a declaration of the rights, duties, and legal relations with regard to the purchase agreement and a reasonable time in which to close on the purchase agreement. Partners II also prayed for a judgment for the cost of repairing alleged construction defects of the apartments.

In early September 1993, Partners II filed bankruptcy proceedings in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division. The Vanns agreed that any expenses or fees incurred by Norwest in relation to the Partners II bankruptcy would be considered part of the Vanns' indebtedness to Norwest. Norwest subsequently secured relief from the automatic stay in the bankruptcy court and proceeded to reschedule a trustee's sale of the apartments for July 18, 1994.

Prior to the trustee's sale, the Vanns petitioned the district court in the Partners II declaratory judgment action to appoint a receiver to manage the apartments and to collect the rents and profits during the litigation. Norwest intervened and also filed an application for the appointment of a receiver. On July 1, 1994, the court appointed a receiver to take possession and control of the apartments and authorized the receiver to enforce or modify the leases; collect the rents and profits on the property; and apply the same to expenses incurred in the protection, management, and operation of the property. The receiver was directed to deliver to Norwest on a monthly basis the rents and profits from the apartments remaining after payment of the expenses, which rents and profits were to be applied to the indebtedness secured by the apartments.

On July 18, 1994, Norwest conducted a trustee's sale, and the apartments were purchased by Vann. Subsequently, Norwest filed a motion for an order allowing it to deposit $16,170.10 with the receiver as the amount remaining from the proceeds of the trustee's sale after deduction of all trustee's fees and amounts due and owing Norwest under its deed of trust.

On October 21, 1994, the Vanns motioned the court for discharge of the receiver and for disbursement of all funds held or acquired by the receiver on the basis that Vann was the subsequent purchaser of the apartments at the trustee's sale. In addition, the receiver filed an application for approval of his closing

statement, final payment of receivership fees, and discharge from any further duties and for an order allowing him to disburse funds to the parties as their interests appeared.

The district court then issued an order directing Norwest to deposit $16,170.10 with the receiver, who was then directed to deposit that sum with the clerk of the district court for Douglas County, to be deposited in an interest-bearing account. This sum was to be held until disbursed by agreement or adjudication by the court. The court then approved the receiver's closing statement and final payment, ordered that the remaining balance of net rental income retained by the receiver be disbursed to the Vanns, and discharged the receiver.

Vann commenced this action against Norwest on August 14, 1995, asking that the district court require Norwest to render an itemized accounting of attorney fees, including costs and expenses incurred by Norwest's participation in the Partners II bankruptcy proceedings. Norwest moved for summary judgment on the basis that res judicata barred the action because Vann could have litigated these issues in the declaratory judgment action commenced by Partners II. The court sustained the motion, and Vann appeals.

## ASSIGNMENT OF ERROR
Vann asserts that the district court erred in granting summary judgment in the accounting action on the basis of res judicata.

## ANALYSIS
Under the traditional rule of res judicata, sometimes called claim preclusion, any rights, facts, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated by the parties and privies. *Schuelke v. Wilson*, 255 Neb. 726, 587 N.W.2d 369 (1998).

We have also stated that except in special cases, the plea of res judicata applies not only to points upon which the court was actually required by the parties to form an opinion, but to every point which properly belonged to the subject of litigation and

which the parties exercising reasonable diligence might have brought forward at the time. *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997). See, also, *Baer v. Southroads Mall Ltd.*, 252 Neb. 518, 566 N.W.2d 734 (1997) (bars same parties or privies as to every matter which might with propriety have been litigated and determined in that action). However, as explained in 50 C.J.S. *Judgment* § 758 at 310-11 (1997), this rule does not mean that the prior judgment is

> conclusive of matters not in issue or adjudicated, and which were not germane to, implied in, or essentially connected with, the actual issues in the case, although they may affect the ultimate rights of the parties and might have been presented in the former action, and is not applicable to issues the trial of which rests within the discretion of the court.

The question is whether Vann's action against Norwest for an accounting should have been litigated by Vann in the Partners II declaratory judgment action. Norwest contends that when it motioned the district court to allow the deposit of the $16,170.10, Vann could have then litigated the issue of whether that amount was an accurate reflection of the proceeds of the sale after deducting costs and expenses. Evidently, Norwest argues that Vann could have filed a cross-claim asking the court to order an accounting of the attorney fees incurred by Norwest in relation to, among other things, Norwest's participation in the Partners II bankruptcy action.

Under Neb. Rev. Stat. § 25-813 (Reissue 1995), a cross-claim against a coparty must "aris[e] out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or [be] connected with the subject of the action." The court may, on its own motion, strike the cross-claim if the cross-claim "should delay trial, might tend to injure a party, or in any way jeopardize the rights of the plaintiff." *Id.*

Norwest's intervention regarding the $16,170.10 placed in issue the question of to whom the sum properly belonged. This issue is germane to the litigation between Partners II and the Vanns to determine the rights and liabilities under the purchase agreement between those parties.

In contrast, whether Norwest should be ordered to present an accounting of the fees and costs regarding the bankruptcy action so that it could be determined whether there should have been a greater surplus from the trustee's sale is not germane to the subject of the declaratory judgment action. The accounting was not related to the rights and liabilities under the purchase agreement between Partners II and the Vanns. As such, Vann was not required to litigate his action for an accounting against Norwest in the declaratory judgment action.

The district court erred in sustaining Norwest's motion for summary judgment on the basis of res judicata. We therefore reverse the judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

CONNOLLY, J., not participating.