Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/03/2020 08:09 AM CDT

James Saylor, appellant, v. State of
Nebraska et al., appellees.
___ N.W.2d ___

Filed January 10, 2020.    No. S-18-793.

1. **Tort Claims Act: Actions: Time.** Neb. Rev. Stat. § 81-8,227 (Reissue 2014) sets out a 2-year limitations period that governs not just the time for submitting claims to the Risk Manager, but also the time for beginning suit under the State Tort Claims Act.

2. ____: ____: ____. Before suit can be filed under the State Tort Claims Act, a claimant must submit the claim in writing to the Risk Manager within 2 years after the claim accrued.

3. ____: ____: ____. Generally speaking, a claimant cannot file suit under the State Tort Claims Act until the Risk Manager or State Claims Board makes a final disposition of the claim, but if no final disposition of a claim has been made after 6 months, the claimant is permitted to withdraw the claim and file suit.

4. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

5. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.

6. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

7. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

8. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.

9. \_\_\_\_. A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

10. **Statutes: Immunity.** Statutes authorizing suits against the State are to be strictly construed because such statutes are in derogation of the State's sovereign immunity.

11. **Tort Claims Act: Actions: Time: Legislature.** The Legislature expressly states in Neb. Rev. Stat. § 81-8,227(5) (Reissue 2014) that § 81-8,227 and Neb. Rev. Stat. § 25-213 (Reissue 2016) "shall constitute the only statutes of limitations applicable to the State Tort Claims Act." Because Neb. Rev. Stat. § 25-201.02 (Reissue 2016) is not one of the applicable statutes listed in § 81-8,227(5), it cannot be applied to extend the time period for bringing an action under the State Tort Claims Act.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Affirmed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, Scott R. Straus, and, on brief, David A. Lopez, Deputy Solicitor General, for appellees State of Nebraska and Nebraska Department of Correctional Services.

Henry L. Wiedrich, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee Correct Care Solutions, L.L.C.

MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ.

STACY, J.

The central issue in this appeal is whether the savings clause of Neb. Rev. Stat. § 25-201.01 (Reissue 2016) applies to an action under the State Tort Claims Act (STCA).[1] We conclude it does not. We therefore affirm the judgment of the district court dismissing this STCA action as time barred.

---

[1] Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 2014).

## BACKGROUND

This appeal requires us to consider the timeliness of a tort action filed in 2017 by James Saylor against the State of Nebraska, the Nebraska Department of Correctional Services (DCS), and 10 others alleged to be employed by DCS. Tort claims against the State and its agents and employees are governed by the STCA.[2] Here, no one disputes that the tort claims alleged in Saylor's 2017 action are governed by the STCA; instead, the dispute is whether his 2017 action was timely commenced under the STCA.

This case has a complicated factual and procedural history. In this opinion, we address only that which bears directly on resolving the central question of whether this action is time barred under the STCA. We begin by setting out the statutes that govern timeliness under the STCA.

## STCA

[1-3] Section 81-8,227 sets out a 2-year limitations period that governs not just the time for submitting claims to the Risk Manager, but also the time for beginning suit under the STCA. Pursuant to § 81-8,227(1), before suit can be filed under the STCA, a claimant must submit the claim in writing to the Risk Manager within 2 years after the claim accrued. Generally speaking, a claimant cannot file suit under the STCA until the Risk Manager or State Claims Board makes a final disposition of the claim, but if no final disposition of a claim has been made after 6 months, the claimant is permitted to withdraw the claim and file suit under the STCA.[3]

Section 81-8,227 also contains several provisions that allow the 2-year limitations period to be extended under certain circumstances. For instance, § 81-8227(1) provides:

---

[2] See *Komar v. State*, 299 Neb. 301, 908 N.W.2d 610 (2018). See, also, § 81-8,209 ("State of Nebraska shall not be liable for the torts of its officers, agents, or employees, and no suit shall be maintained against the state, any state agency, or any employee of the state on any tort claim except to the extent, and only to the extent, provided by the [STCA]").

[3] § 81-8,227(1).

The time to begin suit under [the STCA] shall be extended for a period of six months from the date of mailing of notice to the claimant by the Risk Manager or State Claims Board as to the final disposition of the claim or from the date of withdrawal of the claim under section 81-8,213 if the time to begin suit would otherwise expire before the end of such period.[4]

Section 81-8,227(3) provides that if a claim is "made or filed under any other law of this state and a determination is made by a state agency or court" that the STCA is the exclusive remedy, "the time to make a claim and begin suit . . . shall be extended for a period of six months." And § 81-8,227(4) provides that if a claim is brought under the Nebraska Hospital-Medical Liability Act, time to begin suit under the STCA can be extended for 90 days.

Section 81-8,227(5) expressly states: "This section and section 25-213 shall constitute the only statutes of limitations applicable to the [STCA]." Generally speaking, Neb. Rev. Stat. § 25-213 (Reissue 2016) tolls the running of the statute of limitations for certain claims, including those under the STCA, if a person is "within the age of twenty years, a person with a mental disorder, or imprisoned" when the claim accrues.

### Saylor's Tort Claim

Saylor is an inmate in the custody of DCS. On September 14, 2012, he filed a claim with the State Claims Board pursuant to the STCA.[5] Summarized, the claim asserted that on multiple occasions, employees and agents of DCS negligently failed to provide him necessary medical care. No one contends that Saylor failed to timely submit his claim to the State Claims Board within 2 years of the date it accrued.

On October 19, 2012, the State Claims Board mailed its denial of Saylor's claim. As such, under § 81-8,227(1), Saylor had 6 months from that date to file suit under the STCA. The

---

[4] *Id.*

[5] See *id.*

Legislature has vested exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim under the STCA in the district court of the county in which the act or omission complained of occurred.[6]

### Saylor Files Tort Action

Saylor filed the instant action in the district court for Lancaster County on May 30, 2017. The named defendants included the State, DCS, and 10 others alleged to be employed by DCS. The 2017 complaint appears to allege the same claims of negligent medical care that Saylor presented to the State Claims Board, and no one contends otherwise. Saylor's 2017 complaint also alleged civil rights violations under 42 U.S.C. § 1983 (2012) against the same defendants, premised on the same facts.

On December 6, 2017, the district court dismissed Saylor's complaint against several defendants who, according to the court file, had not been served within the statutory time period.[7]

### Action Removed to Federal Court

On December 8, 2017, the State and DCS filed a notice of removal to federal district court pursuant to 28 U.S.C. § 1446 (2012). Section 1446(d) expressly provides that after notice of removal is given, "the State court shall proceed no further unless and until the case is remanded."

After the case was removed to federal court, the State and DCS sought dismissal of Saylor's action, asserting it was barred by principles of claim preclusion. They argued that Saylor's 2017 complaint alleged the same § 1983 claims previously litigated in a federal court action filed by Saylor in June 2012. In response to the motion to dismiss, Saylor was allowed to amend the 2017 complaint to eliminate the § 1983 claims, leaving only the negligence claims. After doing so, Saylor moved to have the case—now alleging only the STCA

---

[6] § 81-8,214.

[7] See Neb. Rev. Stat. § 25-217 (Reissue 2016).

claims—remanded to state court. That request was granted on April 10, 2018.

## Proceedings After Remand

After the action was remanded to the state district court, the State and DCS moved to dismiss the "[operative] Amended Complaint" pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) and (6), on the ground the tort claims were time barred under the STCA. Saylor requested and was granted leave to amend his original 2017 complaint to make it "identical" to the amended complaint that had been remanded by the federal court, and no party objected to this procedure. Thereafter, the parties agreed that the motion to dismiss could be converted into a motion for summary judgment and that it should be treated as relating to Saylor's amended complaint.

In support of summary judgment, the State and DCS argued that Saylor's negligence claims were time barred under the STCA because the State Claims Board had denied the claims on October 19, 2012, and Saylor did not file suit on those claims until May 30, 2017. In response, Saylor argued the savings clause in § 25-201.01 should be applied to extend the time period for bringing suit under the STCA.

Summarized, § 25-201.01 provides that if an action is commenced within the time prescribed by the applicable statute of limitations but then fails for a reason other than the merits, voluntary dismissal, failure of service, or inaction on the part of the plaintiff, then the plaintiff may commence a new action "within a period equal to the lesser of (a) six months after the failure of the action or (b) a period after the failure of the action equal to the period of the applicable statute of limitations of the original action." Relying on a somewhat tortuous timeline involving the claims Saylor included in his 2012 federal lawsuit, Saylor argued that even though his 2017 tort action was filed more than 4 years after the State Claims Board denied the claim, it was still commenced within the time allowed by § 25-201.01 and thus should be deemed timely

filed. The State and DCS disagreed and generally argued that the factual circumstances did not implicate the savings clause under § 25-201.01.

The district court found § 25-201.01 did not apply and dismissed Saylor's amended complaint with prejudice, finding it was time barred under the STCA. Saylor filed this appeal, which we moved to our docket on our own motion.

## ASSIGNMENTS OF ERROR

Saylor assigns, restated, that the district court erred in dismissing this action as time barred under the STCA and in not applying the savings clause under § 25-201.01. Because we find this assignment of error to be dispositive, we do not reach Saylor's other assignments of error related to rulings made by the district court after the case was removed to federal court but prior to remand.

## STANDARD OF REVIEW

[4,5] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[8] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.[9]

[6] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[10]

---

[8] *Larsen v. 401 Main Street*, 302 Neb. 454, 923 N.W.2d 710 (2019).

[9] *Id.*

[10] *Patterson v. Metropolitan Util. Dist.*, 302 Neb. 442, 923 N.W.2d 717 (2019).

## ANALYSIS

### STCA Statute of Limitations Not Met

It is undisputed that Saylor's May 30, 2017, lawsuit was filed more than 6 months after his claim was denied by the State Claims Board on October 19, 2012, and thus, the lawsuit was filed outside the statute of limitations set forth in § 81-8,227(1). Before the district court, and again in the appellate briefing, the parties focused their arguments primarily on whether Saylor could satisfy the requirements of the savings clause in § 25-201.01. But at oral argument, the defendants below argued for the first time that there is no circumstance under which the savings clause of § 25-201.01 could apply to an action governed by the STCA, because the plain language of § 81-8,227(5) provides: "This section and section 25-213 shall constitute the only statutes of limitations applicable to the [STCA]." We ordered supplemental briefing on the issue, which presents a question of statutory interpretation.

[7-9] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[11] It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.[12] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[13]

When it comes to determining the statute of limitations governing commencement of STCA actions, the plain language of § 81-8,227(5) identifies just two applicable statutes: §§ 81-8,227 and 25-213. Saylor concedes that the plain

---

[11] *JB & Assocs. v. Nebraska Cancer Coalition*, 303 Neb. 855, 932 N.W.2d 71 (2019).

[12] *Id.*

[13] *Id.*

language of § 81-8,227(5) prevents courts from applying any other statute of limitations to a STCA claim. But he contends that § 25-201.01 is not a statute of limitations, but, rather, is a savings clause. According to Saylor, "a statute of limitations is not a savings clause, and a savings clause is not a statute of limitations."[14] Saylor's argument invites us to construe the term "statutes of limitations" in § 81-8,227(5) to exclude statutes that extend the statutory time for filing under certain circumstances.

Saylor's argument ignores the fact that both statutes referenced in § 81-8,227(5) include provisions that could be characterized as savings clauses. Specifically, § 81-8,227(1) and (3) each authorize the 2-year statute of limitations to be extended for 6 months under certain circumstances. Section 81-8,227(4) authorizes a 90-day extension of the time to begin suit under the STCA when a request for review is filed under the Nebraska Hospital-Medical Liability Act. And finally, § 25-213 tolls the time period for commencing an action under the STCA for persons under certain disabilities at the time their claim accrues.

Given the nature of the statutes described in § 81-8,227(5) as "statutes of limitations," we see no principled reason to construe the term to refer only to statutes prescribing the time period for bringing an action, but not to statutes extending the prescribed time for commencing an action.

[10,11] Statutes authorizing suits against the State are to be strictly construed because such statutes are in derogation of the State's sovereign immunity.[15] The Legislature expressly states in § 81-8,227(5) that §§ 81-8,227 and 25-213 "shall constitute the only statutes of limitations applicable to the [STCA]." Because § 25-201.02 is not one of the applicable statutes listed in § 81-8,227(5), it cannot be applied to extend the time period for bringing an action under the STCA. Saylor

---

[14] Supplemental brief for appellant at 3.

[15] *SID No. 1 v. Adamy*, 289 Neb. 913, 858 N.W.2d 168 (2015).

does not contend that any other provision in § 81-8,227 or § 25-213 applies to extend the time period for commencing his STCA action, and we therefore agree with the district court that, as a matter of law, Saylor's STCA claim is time barred.

## ADDITIONAL ASSIGNMENTS

Because the foregoing analysis shows that Saylor's STCA claims were time barred, we need not address his assignments of error related to other rulings made by the district court. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[16]

## CONCLUSION

Because Saylor's STCA action is time barred, the district court correctly dismissed it with prejudice.

AFFIRMED.

HEAVICAN, C.J., and PAPIK and FREUDENBERG, JJ., not participating.

_____

[16] *Woodmen of the World v. Nebraska Dept. of Rev.*, 299 Neb. 43, 907 N.W.2d 1 (2018).