Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/22/2023 08:17 AM CDT

James Saylor, appellant, v. State
of Nebraska et al., appellees.

___ N.W.2d ___

Filed September 22, 2023.    No. S-22-822.

1.  **Judgments: Pleadings.** A motion for judgment on the pleadings is prop-
    erly granted when it appears from the pleadings that only questions of
    law are presented.
2.  **Claim Preclusion.** The applicability of claim preclusion is a question
    of law.
3.  **Judgments: Appeal and Error.** An appellate court independently
    reviews questions of law decided by a lower court.
4.  **Trial: Pleadings: Pretrial Procedure.** A motion for judgment on the
    pleadings admits the truth of all well-pleaded facts in the oppos-
    ing party's pleadings, together with all reasonable inferences to be
    drawn therefrom, and the moving party admits, for the purpose of the
    motion, the untruth of the movant's allegations insofar as they have
    been controverted.
5.  ____: ____: ____. On a motion for judgment on the pleadings, the
    court may consider all the pleadings and give judgment for the party
    entitled thereto.
6.  **Judgments: Claim Preclusion.** Claim preclusion bars the relitigation
    of a claim that has been directly addressed or necessarily included in
    a former adjudication if (1) the former judgment was rendered by a
    court of competent jurisdiction, (2) the former judgment was a final
    judgment, (3) the former judgment was on the merits, and (4) the same
    parties or their privies were involved in both actions. The doctrine bars
    relitigation not only of those matters actually litigated, but also of those
    matters which might have been litigated in the prior action.
7.  **Claim Preclusion.** The doctrine of claim preclusion rests on the neces-
    sity to terminate litigation and on the belief that a person should not be
    vexed twice for the same cause.

8. **Claim Preclusion: Actions.** Whether a subsequent suit alleges the same cause of action as a prior suit is determined by whether the right to be vindicated rests upon the same operative facts; if so, the same cause of action has been alleged, even if different theories of recovery are relied upon.

9. **Claim Preclusion.** Claim preclusion is an affirmative defense which must ordinarily be pleaded to be available.

10. **Limitations of Actions: Negligence: Torts.** In a negligence action, a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort generally accrues as soon as the act or omission occurs. This principle has been referred to as "the occurrence rule."

11. **Actions.** A party may not split a cause of action. If the party might have had complete relief in an action that was prosecuted to final judgment, the party may not again vex his or her former adversary with another suit based upon the same wrong.

12. **Judgments: Estoppel: Proof.** A party may not present issues for determination and avoid the effect of an estoppel by withholding proof thereof.

13. **Claim Preclusion: Judgments.** Except in special cases, the plea of res judicata, also referred to as "claim preclusion," applies not only to points upon which the court was actually required by the parties to form an opinion, but to every point which properly belonged to the subject of litigation and which the parties exercising reasonable diligence might have brought forward at the time.

14. **Actions: Tort Claims Act: Time.** Generally speaking, a claimant cannot file suit under the State Tort Claims Act until the Risk Manager or State Claims Board makes a final disposition of the claim, but if no final disposition of a claim has been made after 6 months, the claimant is permitted to withdraw the claim and file suit.

15. **Appeal and Error.** A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court.

16. ____. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

17. ____. An appellate court will not consider an argument or theory raised for the first time on appeal. Thus, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Joshua D. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, Eric J. Hamilton, Solicitor General, and Christian Edmonds for appellees.

Miller-Lerman, Cassel, Stacy, and Funke, JJ.

Cassel, J.

## INTRODUCTION

James Saylor, an inmate at the Nebraska Department of Correctional Services, appeals from an order dismissing his lawsuit under the State Tort Claims Act (STCA),[1] based on a finding that Saylor's action was barred by the doctrine of claim preclusion. This appeal implicates two actions filed by Saylor under the STCA, which this court previously heard separately in *Saylor v. State* (*Saylor I*)[2] and *Saylor v. State* (*Saylor II*).[3] We conclude that Saylor could have, and should have, brought all of his claims in the first action, but failed to do so. Therefore, claim preclusion applies. We affirm.

## BACKGROUND

Saylor filed two cases against the State, district court cases Nos. CI 17-1986 (the "first action," addressed by this court in *Saylor I*) and CI 17-2205 (the "second action," addressed in *Saylor II*). We recite the procedural histories of these cases as relevant to the instant appeal. A more detailed background is provided by our opinions in the prior appeals.[4]

---

[1] See Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 2014 & Cum. Supp. 2022).

[2] *Saylor v. State*, 304 Neb. 779, 936 N.W.2d 924 (2020).

[3] *Saylor v. State*, 306 Neb. 147, 944 N.W.2d 726 (2020).

[4] See, *Saylor I, supra* note 2; *Saylor II, supra* note 3.

Initial Proceedings

On May 30, 2017, Saylor filed the first action, alleging, in relevant part, a negligence claim against the State.

Seventeen days later, on June 16, 2017, Saylor filed the second action. The initial complaint in the second action indicated that it was premised on "[Saylor's] multiple claims for damages according to statute, including, but not necessarily limited to," a tort claim Saylor filed with the State Claims Board in June 2016.

Several months later, on November 21, 2017, Saylor served the State in the first action, and the State removed that case—which asserted both state and federal claims—to federal court.

While the first action was pending in federal court, Saylor filed an amended complaint in the second action, alleging 16 causes of action under the STCA. Each cause of action was apparently premised on a separate tort claim filed with the State Claims Board in either June 2016 or February 2017. The amended complaint alleged that each tort claim was ripe for suit, either because the State Claims Board did not enter a final disposition within 6 months of the tort claim's filing or because the board entered a final disposition of the tort claim on June 15, 2017—the day before Saylor filed the second action.

The State filed a motion to dismiss the second action, alleging that the tort claims failed to comply with the claim presentment provisions of the STCA.[5] The hearing on the State's motion to dismiss was stayed pending the anticipated remand of the first action to the district court from federal court.

After the federal court remanded the first action to the district court, Saylor filed an amended complaint in that action, and the State filed a motion to dismiss it.

The State also filed a motion to consolidate the two actions. In support, the State alleged, in part, that the primary

---

[5] See § 81-8,212 ("[a]ll tort claims shall be filed with the Risk Manager in the manner prescribed by the State Claims Board").

claims in the second action "overlap substantially" the first action and that the parties and the court would benefit from streamlined proceedings.

The district court treated the motion as limited consolidation for progression and trial, sustained that motion, and set a hearing on the State's motions to dismiss. The court noted:

> Both [the first action] and [the second action] involve Saylor as [plaintiff] and the State as [defendant]. They are companion cases. The motion to consolidate the cases for progression and trial is sustained. . . . Both cases will remain open and pleadings and filings, as needed, will be made in the respective cases.

The court held a hearing on the motions to dismiss in both actions and received evidence. The parties agreed that the motions would be considered as motions for summary judgment.

## Judgments on Converted Motions
### for Summary Judgment

The district court sustained both motions and entered two judgments, styled as orders, which appear on separate dockets. One judgment dismissed the first action with prejudice, finding that it was barred by the limitations period set forth in the STCA.[6] The other judgment dismissed the second action with prejudice, finding that Saylor had failed to comply with the presuit claim presentment provisions of the STCA.[7] Saylor timely appealed from both judgments.

## Direct Appeals

In separate opinions, this court considered the district court's judgments dismissing Saylor's two actions. In *Saylor I*, we agreed with the district court that the first action was time

---

[6] See § 81-8,227(1) (6-month limitations period for filing suit following final disposition or withdrawal of tort claim).

[7] See § 81-8,212.

barred by the limitations period in the STCA and affirmed dismissal. We specifically stated: "The 2017 complaint appears to allege the same claims of negligent medical care that Saylor presented to the State Claims Board [in the claim filed on September 14, 2012], and no one contends otherwise."[8] It was undisputed that Saylor had failed to file suit within 6 months of the denial of the 2012 tort claim on October 19, 2012.

In *Saylor II*, we held that Saylor's tort claims in the second action substantially complied with the claim presentment provisions of the STCA and thus were not barred on that ground. Accordingly, we reversed the district court's judgment and remanded the instant cause to that court for further proceedings.

## Proceedings After Remand

Following this court's remand of the second action to the district court, Saylor filed the operative amended complaint that is the subject of the instant appeal. This complaint alleged a single cause of action premised on the 16 tort claims that Saylor filed with the State Claims Board in June 2016 and February 2017. The operative amended complaint attached and incorporated these tort claims by reference. They alleged various harms occurring on specific dates between June 2014 and February 2017, many of which were asserted to be "continuous" harms that involved either inadequate medical care or Saylor's conditions of confinement.

The State filed an answer asserting, in part, that "[s]ome, or all of [Saylor's] claims may be barred by the doctrine of res judicata." The State also moved for judgment on the pleadings, seeking dismissal of the operative amended complaint, with prejudice, for failure to state a claim upon which relief could be granted. The sole basis for the State's motion was claim preclusion.

---

[8] *Saylor I, supra* note 2, 304 Neb. at 783, 936 N.W.2d at 927.

District Court Dismissal

Following a hearing, the district court entered a judgment, styled as an order, sustaining the State's motion for judgment on the pleadings and dismissing the second action with prejudice. Addressing Saylor's arguments below, the court reasoned that both actions "alleged the same cause of action based on the same operative facts" and that the first action resulted in a final judgment on the merits.

The court examined the pleadings in the two actions. It noted that the amended complaint in the first action alleged, in part:

> The negligence, carelessness and recklessness of [the State] consisted of the following, among other things:
>
> A. In failing to provide [Saylor] with proper medical supplies for his cell;
>
> B. In failing to provide [Saylor] with proper medication;
>
> C. In failing to provide [Saylor] with proper psychotherapy;
>
> D. In failing to provide [Saylor] with proper and necessary housing conditions;
>
> E. In placing [Saylor] in an environment which exacerbates and worsens his medical condition;
>
> F. In failing to provide continuity of care;
>
> G. In failing to properly administer medications as prescribed by a physician;
>
> H. In failing to render health care in accordance with good and accepted medical and professional practice; and,
>
> I. In being otherwise careless, negligent and reckless under the circumstances.

The court stated: "Saylor pleaded that [the State's] alleged breaches were ongoing from approximately 2010 through present . . . . No specific administrative tort claim was referenced, cited, incorporated, or attached to either his complaint or amended complaint."

Turning to the operative amended complaint in the second action, the court noted that it alleged, in part:

[T]he [State] ha[s] negligently engaged in a course of conduct, breaching the above duties of care owed to [Saylor] in the following particulars including but not limited to:

a. Not providing the psychotherapy, mental health care and/or psychiatric care needed to adequately treat [Saylor's] PTSD that meets the community standard of care;

b. Not providing the psychotropic medication needed to adequately treat [Saylor's] PTSD that meets the community standard of care;

c. Not providing the continuity of care needed to adequately address [Saylor's] PTSD diagnosis and symptoms that meets the community standard of care;

d. Not providing the over counter medication needed to treat [Saylor's] migraine headaches that meets the community standard of care;

e. Continuing to violate its rules and regulations by placing [Saylor] in restrictive housing;

f. Continuing to house [Saylor] in restrictive housing against mental health staff recommendation and contrary to the community standard of care;

g. Continuing to house [Saylor] in restrictive housing, subjecting [Saylor] to restraints and hard services despite physical injuries associated with the 2002 assault;

h. Depriving [Saylor] of medically necessary migraine headache medicine contrary to the community standard of care;

i. Depriving [Saylor] of medically necessary medical equipment contrary to the community standard of care and;

j. Failing to provide a continuity of care.

The court observed that the operative amended complaint "affirmatively references, attaches, and incorporates" the 16 tort claims filed by Saylor in June 2016 and February 2017. The court stated that the pleaded harms "appear to go beyond

the confines of these administrative tort claims" and that some of the alleged breaches had been "ongoing since on or before September 2010."

Based on its review of the pleadings, the court concluded that the harms alleged in the second action were "necessarily included" in the first action. The court explained that both cases alleged a claim of negligence against the State for failure to provide Saylor with the community standard of care, that the purported breaches were "nearly identical" in both cases, and that both cases alleged and sought recovery for "ongoing harms since 2010."

The court rejected Saylor's argument that the two actions presented different causes of action because one was premised on a tort claim filed with the State Claims Board in 2012 and the other was premised on tort claims filed with the board in 2016 and 2017. The court stated that the claim preclusion inquiry "does not look to the pre-suit administrative tort claims" or "confine itself to the litigated issue." It then explained that the first action was not limited to the issues raised in the 2012 tort claim and that "[c]onsequently, the preclusive effect of the judgment in *Saylor I* extends beyond the confines of the 2012 administrative tort claim to include all similar harms from 2010 through May 2017, as pleaded by Saylor."

The court also rejected Saylor's argument that the claim presentment rules in the STCA "forced him to file separate lawsuits" because, he contended, his cause of action "did not accrue" until his tort claims were decided by the State Claims Board or withdrawn. The court explained that the STCA "does not change when a cause of action accrues." It further explained that Saylor could have amended his complaint in the first action to add the 2016 and 2017 tort claims or sought a stay pending the final disposition of his tort claims, but that he failed to do so. The court concluded that the entirety of the second action could have been brought in the first action and thus "f[ell] within its preclusive effect."

Saylor filed a timely appeal, which we moved to our docket.[9]

## ASSIGNMENT OF ERROR

Saylor assigns that the district court erred in "sustaining the State's motion for judgment on the pleadings" and "determining that [his] action was barred by the doctrine of claim preclusion."

## STANDARD OF REVIEW

[1-3] A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented.[10] The applicability of claim preclusion is a question of law.[11] An appellate court independently reviews questions of law decided by a lower court.[12]

## ANALYSIS

[4,5] Saylor contends that the district court erred in sustaining the State's motion for judgment on the pleadings, because, he asserts, claim preclusion does not apply. A motion for judgment on the pleadings admits the truth of all well-pleaded facts in the opposing party's pleadings, together with all reasonable inferences to be drawn therefrom, and the moving party admits, for the purpose of the motion, the untruth of the movant's allegations insofar as they have been controverted.[13] On a motion for judgment on the pleadings, the court may consider all the pleadings and give judgment for the party entitled thereto.[14]

---

[9] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

[10] *Korth v. Luther*, 304 Neb. 450, 935 N.W.2d 220 (2019).

[11] See *Schaeffer v. Frakes*, 313 Neb. 337, 984 N.W.2d 290 (2023).

[12] *Hernandez v. Dorantes*, 314 Neb. 905, 994 N.W.2d 46 (2023).

[13] *Denali Real Estate v. Denali Custom Builders*, 302 Neb. 984, 926 N.W.2d 610 (2019).

[14] *Hutmacher v. City of Mead*, 230 Neb. 78, 430 N.W.2d 276 (1988).

We read Saylor's briefing to present two primary arguments. Before addressing his arguments, we set forth the general principles governing claim preclusion.

## Claim Preclusion

[6] Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.[15]

[7-9] The doctrine of claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.[16] Whether the subsequent suit alleges the same cause of action as the prior suit is determined by whether the right to be vindicated rests upon the same operative facts; if so, the same cause of action has been alleged, even if different theories of recovery are relied upon.[17] Claim preclusion is an affirmative defense which must ordinarily be pleaded to be available.[18]

As a preliminary matter, we note that the State alleged claim preclusion as an affirmative defense in its answer to the operative amended complaint and again raised this defense as the basis of its motion for judgment on the pleadings. The issue is properly before this court on appeal. We next turn to Saylor's specific arguments.

---

[15] *Bohling v. Tecumseh Poultry*, 314 Neb. 129, 988 N.W.2d 529 (2023).

[16] *Id.*

[17] *Schaeffer v. Frakes, supra* note 11; *Farmers State Bank v. Germer*, 231 Neb. 572, 437 N.W.2d 463 (1989).

[18] *Boone River, LLC v. Miles*, 314 Neb. 889, 994 N.W.2d 35 (2023). See, Neb. Ct. R. Pldg. § 6-1108(c); *Ballard v. Union Pacific RR. Co.*, 279 Neb. 638, 781 N.W.2d 47 (2010).

Timing of Accrual

In the first of his two primary arguments, Saylor contends that claim preclusion does not apply because his claims in the second action had not yet "accrued" under the STCA when he filed the first action.[19] He does not identify a particular accrual date for his claims. Instead, he argues that the claims underlying the second action "did not arise" until after he filed the first action.[20] Saylor's argument seems to be premised upon the dates of filing of his tort claims with the State Claims Board or the board's final disposition of his claims. The State responds that Saylor misunderstands when a negligence action accrues.

[10] In a negligence action, a statute of limitations begins to run as soon as the cause of action accrues, and an action in tort generally accrues as soon as the act or omission occurs. This principle has been referred to as "the occurrence rule."[21]

Saylor's argument conflates the accrual of a negligence action with the timing of the filing or final disposition of an administrative prerequisite to a lawsuit. The accrual analysis does not depend upon when a tort claim was filed with the State Claims Board or when the board issued a final disposition of the claim. Rather, the analysis focuses on when the alleged act or omission occurred.

Here, the harms alleged in the operative amended complaint were premised on 16 tort claims that Saylor filed with the State Claims Board in June 2016 and February 2017. These tort claims alleged various harms occurring on specific dates between June 2014 and February 2017, many of which, Saylor asserted, were "continuous" harms that persisted until he filed the claims with the board. Thus, even to the extent that the alleged harms were "continuous" until Saylor filed his tort claims, they necessarily occurred, at the latest, in June

---

[19] Brief for appellant at 9.

[20] *Id.* at 16.

[21] *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013).

2016 or February 2017, when Saylor filed his tort claims. The record shows that Saylor filed the first action months later, in May 2017. Accordingly, we conclude that all of the harms alleged in the second action accrued prior to the filing of the first action. Saylor cannot avoid the application of claim preclusion on this ground.

## Same Cause of Action

Saylor's next argument suggests that it does not matter whether his claims accrued before he filed the first action. In this regard, he contends that the second action was based on a completely different cause of action. Specifically, he argues that the first action was premised on a tort claim that he filed with the State Claims Board in 2012, whereas the second action "raised new and independent claims, occurring at subsequent times, involving facts which had yet to occur in the 2012 claim."[22] In support of his argument, Saylor relies, in part, on this court's "prior determination" that the facts underlying *Saylor I* were limited to the claims presented in the 2012 tort claim.[23] The State counters that the factual basis and timeframe pleaded in both cases were the same, arguing that Saylor "specifically structured [the first action] to cover the State's conduct from 2010 through the present" and that therefore, his action is precluded.[24]

[11,12] A principle underlying the State's argument is the rule against "'splitting the cause of action.'"[25] It is well-settled law that a party may not split a cause of action. If the party might have had complete relief in an action that was prosecuted to final judgment, the party may not again vex his or

---

[22] Brief for appellant at 15.

[23] Reply brief for appellant at 13.

[24] Brief for appellees at 22.

[25] See John P. Lenich, Nebraska Civil Procedure § 8:3 at 390 (2023) ("[a]sserting some but not all of the claims that arise out of the same cause of action is referred to as 'splitting the cause of action'").

her former adversary with another suit based upon the same wrong.[26] It is just as well settled that a party may not present issues for determination and avoid the effect of an estoppel by withholding proof thereof.[27]

[13] We have previously stated that except in special cases, the plea of res judicata, also referred to as "claim preclusion," applies not only to points upon which the court was actually required by the parties to form an opinion, but to every point which properly belonged to the subject of litigation and which the parties exercising reasonable diligence might have brought forward at the time.[28] We have explained that this rule does not mean that the prior judgment is

"conclusive of matters not in issue or adjudicated, and which were not germane to, implied in, or essentially connected with, the actual issues in the case, although they may affect the ultimate rights of the parties and might have been presented in the former action, and is not applicable to issues the trial of which rests within the discretion of the court."[29]

The question here is whether the matters asserted in the second action should have been litigated in the first action. The State contends that Saylor could have done so by filing an amended complaint as a matter of right, or by seeking a stay in the district court until the State Claims Board disposed of his tort claims. We agree.

The record shows that Saylor might have had complete relief in the first action, which was prosecuted to final judgment. We have already determined that all of Saylor's claims accrued prior to the filing of the first action. It follows that had Saylor exercised reasonable diligence, he could have brought all of his claims forward in that action.

---

[26] *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997).

[27] *Id.*

[28] See *Vann v. Norwest Bank Neb.*, 256 Neb. 623, 591 N.W.2d 574 (1999).

[29] *Id.* at 627, 591 N.W.2d at 577.

Saylor argues that he "did not have ample procedural means" to bring all of his claims when he filed the first action, because he had not yet received a final disposition from the State Claims Board regarding all of his tort claims.[30] More specifically, he asserts that the board denied his tort claims on June 15, 2017—the day before he filed the second action. We are not persuaded.

[14] Generally speaking, a claimant cannot file suit under the STCA until the Risk Manager or State Claims Board makes a final disposition of the claim, but if no final disposition of a claim has been made after 6 months, the claimant is permitted to withdraw the claim and file suit.[31]

The record shows that Saylor could have amended his complaint in the first action to include all of his claims. Saylor filed his tort claims with the State Claims Board in June 2016 and February 2017. Thus, Saylor was entitled to final disposition or to withdraw his claims, at the latest, in August 2017. The record shows that at that point, the State had not yet filed a responsive pleading. Saylor did not serve the State until months later, in November 2017. Saylor was therefore permitted to file an amended complaint as a matter of right to include all of his claims, but he failed to do so.[32] This argument lacks merit.

[15] Moreover, we are not persuaded by Saylor's argument regarding this court's "prior determination" that the facts underlying *Saylor I* were limited to the claims presented in the 2012 tort claim.[33] We read this argument to suggest that the final judgment in *Saylor I* conclusively showed that the

---

[30] Reply brief for appellant at 13.

[31] § 81-8,227(1).

[32] See Neb. Ct. R. Pldg. § 6-1115(a) ("[a] party may amend the party's pleading once as a matter of course before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may amend it within 30 days after it is served").

[33] Reply brief for appellant at 13.

two cases did not present the same cause of action. But our analysis in *Saylor I* was focused solely on the statute of limitations for filing an action under the STCA; we were not presented with the question of the actual issues pleaded. A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court.[34]

Now that the issue is specifically raised, we conclude that the pleadings show that the second action was "'implied in, or essentially connected with,'" the actual issues pleaded in the first action.[35] The amended complaint therein generally alleged that the State failed to meet the community standard of care from March 2010 until May 2018, when Saylor filed the amended complaint in that action. In the case now before us, the operative amended complaint alleged these same matters, simply with more detail. And, as noted above, all of the harms alleged in the second action occurred prior to the filing of the first action.

On these facts, we conclude that this case is supplementary to the original action, and not a distinct action. Saylor could not avoid the effect of claim preclusion merely by failing to amend his original complaint to introduce the claims in support of the particular issues framed by his pleadings. That said, our conclusion does not preclude Saylor from filing claims regarding acts or omissions occurring after the date of filing of his first action. The defect here is Saylor's failure to set forth all of his then-existing claims regarding medical treatment and conditions of confinement in the first action, when he could have, and should have, done so.

As a final matter, we note that Saylor argues that the State "acquiesced or agreed" to splitting the cause of action when

---

[34] *State v. Kudlacz*, 288 Neb. 656, 850 N.W.2d 755 (2014).

[35] See *Vann v. Norwest Bank Neb., supra* note 28, 256 Neb. at 627, 591 N.W.2d at 577.

the two cases were consolidated on the State's motion.[36] The district court's judgment expressly stated that Saylor did not raise this argument below, and the court therefore did not address it. At oral argument, Saylor disputed this statement, contending that he set forth a similar argument in his briefing opposing the motion for judgment on the pleadings.

[16,17] But Saylor assigned no error to the district court's statement. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.[37] Moreover, we do not agree that Saylor presented to the district court the precise argument that he now raises on appeal. At oral argument, he claimed to have done so "in effect." An appellate court will not consider an argument or theory raised for the first time on appeal. Thus, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.[38] We decline to consider this argument.

## CONCLUSION

Because the record shows that Saylor could have, and should have, brought all of his claims in the first action, but failed to do so, the district court properly dismissed this second action as barred by claim preclusion. We affirm its judgment.

Affirmed.

Heavican, C.J., and Papik and Freudenberg, JJ., not participating.

---

[36] Reply brief for appellant at 13.

[37] *State v. Mabior*, 314 Neb. 932, 994 N.W.2d 65 (2023).

[38] *Elbert v. Young*, 312 Neb. 58, 977 N.W.2d 892 (2022).