IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MITCHELL V. MITCHELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JESSICA L. MITCHELL, NOW KNOWN AS JESSICA L. MOFFETT, APPELLEE,

V.

DAVID D. MITCHELL, JR., APPELLANT.

Filed March 31, 2026.    No. A-25-242.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

David D. Mitchell, pro se.

P. Shawn McCann, of McGinn & McCann, P.L.C., for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

David D. Mitchell, Jr. (Mitchell), appeals the order entered by the district court for Douglas County denying his motion to modify child support. Mitchell argues that the district court erred in allowing the filing of an answer out-of-time. Mitchell also argues, that based on the evidence of his reduced income, the district court erred in denying his motion to modify child support, motion for a temporary order to suspend child support, and motion to reconsider the temporary order to suspend child support. For the reasons explained below, we affirm.

## BACKGROUND

On November 15, 2023, the district court entered a decree, based on a settlement agreement, dissolving the marriage of Mitchell and Jessica L. Mitchell, now known as Jessica L.

Moffett (Moffett). Two children were born of the marriage. Mitchell was ordered to pay child support with his gross monthly income listed at $8,000.

Mitchell's $8,000 gross monthly income was based on the proceeds he received from his business. Since graduating from high school, Mitchell has primarily worked as an entrepreneur. But in July 2022, prior to the divorce, Mitchell's business filed for bankruptcy. Despite the loss of his business, Mitchell still believed he was capable of earning $8,000 a month for purposes of calculating child support. He also earned about $367 per month from YouTube and was recording music at a loss.

He signed the settlement agreement that stated "[e]ach party hereby warrants to the other that there has been an accurate, complete, and current disclosure of all income." Mitchell agreed that the settlement was "fair, reasonable, and not unconscionable."

In January 2024, Mitchell began operating a new business repairing video game consoles. On April 5, Mitchell filed a complaint to modify child support. He claimed that a material change in circumstances occurred because his income was substantially reduced, and he was now receiving government assistance.

Moffett was served the complaint on April 11, 2024. On May 16, Mitchell moved for default judgement because Moffett did not file an answer within 30 days of service and set the matter for hearing June 4. On June 3, Moffett filed an answer and counterclaim. Mitchell moved to dismiss the counterclaim for failure to state a claim and for failure to show a material change in circumstances, which was denied by the district court.

In June 2024, Mitchell moved for a temporary order to suspend child support. His motion was heard on July 1. At the hearing, he claimed a gross income of $3,300 a month. The district court received his affidavit and his 2023 tax return into evidence. Mitchell testified that he repairs three to four new generation game consoles a week at $150 per console and three to four older generation and retro consoles a week at $40 to $100 per console. Mitchell did not know the amount of his monthly business expenses. Mitchell advised he also received $400 a month in food stamps. He requested that there be no child support payments until the resolution of the case.

At the conclusion of the hearing, the district court stated:

> But right now, it appears that Mr. Mitchell's gross income is $4,063 a month, I don't know what is [sic] expenses are, and he receives food stamps of $400. So that comes to at least $4,400 a month for his income.
>
> So without, sir, knowing what your income is, what your expenses are, and I don't know whether there's a material change of circumstances or not because, obviously, I assume in November when this thing was done, you knew you were having some financial issues. I'm not sure if that plays into that at all.
>
> So based upon that, the Court is denying your motion to reduce your child support at this time.

In its written order, the district court stated that it did "not have adequate information at this time to determine whether there has been a material change in circumstances and as to exactly what [Mitchell]'s gross income and net income are. A trial is more suited for that finding." The district court did not include a calculation of Mitchell's gross monthly income in its written order.

Mitchell moved to reconsider the denial of the temporary order to suspend child support for two reasons. First, he claimed that he had new evidence and, second, that the district court erred in including the value of his food stamps in his income. At the hearing to reconsider, the district court received all of Mitchell's offered evidence, including Mitchell's affidavit, 2023 tax returns, proposed child support calculation, previously ordered child support calculation, and video game business profit and loss statement from January to June 2024.

The district court overruled Mitchell's motion to reconsider. In support of its order, the district court found that all the evidence Mitchell claimed to be new was available at the time of the original hearing and could have been provided then.

Trial was held on March 26, 2025. At trial, Mitchell continued to claim a gross income of $3,300 a month. To prove his income, Mitchell provided his 2022 and 2023 tax returns and video game business profit and loss statements.

Moffett objected to the profit and loss statements based on "form and foundation and hearsay." Moffett argued that no bank statements were provided to verify the numbers listed in the profit and loss statements, even though the bank statements were requested by Moffett in discovery. Additionally, Moffett argued that the statements were only prepared by Mitchell and not a professional. The district court received the profit and loss statements, over Moffett's objections, "with the caveat that [the statements] may not have any – may have less weight unless the [c]ourt knows how [the statements were] prepared, in other words, what documents were used to make these determinations."

Mitchell testified that most of the income he received from the video game business would not be accurately reflected in bank statements because he was primarily paid in cash. He also argued that Moffett would find fault in any document he submitted to support the profit and loss statements, and if he was manipulating the numbers, he would have given himself a lower income. No other testimony was provided regarding the numbers used for the profit and loss statements. Based on the profit and loss statements, Mitchell made a gross monthly income of approximately $3,378.

Mitchell also explained he previously earned income from uploading videos to YouTube and recording music. According to Mitchell, he earned approximately $200 a month from YouTube. And in 2024, he earned approximately $167 a month recording music. Mitchell did not provide any documentation to support his additional income for 2025. He claimed that the YouTube profit and loss statements were unavailable at the time of trial because his earnings were provided at the end of the year, and that he had not made income recording music in 2025.

At the conclusion of Mitchell's presentation of evidence, Moffett moved for a directed verdict because Mitchell "failed to provide any evidence that he has a significant change in circumstances of his income and ability to earn $8,000 a month." The district court ruled:

As to the child support matter, there may very well be a change in circumstances. But, Mr. Mitchell, you have not provided me the proof of that. You've given me a profit and loss statement, but you got to have the records to back that up. I have to see your bank accounts to see whether the money is actually going in or going out or what the situation was. So as far as the [c]ourt's concerned, you have not met your burden to prove that there's been a material change of circumstances.

As such, this matter is hereby dismissed.

Mitchell appeals.

## ASSIGNMENTS OF ERROR

Mitchell assigns, restated and restructured, that the district court erred in (1) allowing Moffett to file an answer out-of-time, (2) denying his motion to modify child support, (3) denying his motion for a temporary order to suspend child support, and (4) denying his motion to reconsider the temporary order to suspend child support.

## STANDARD OF REVIEW

Modification of a judgment or decree relating to child custody, visitation, or support is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and will be affirmed absent an abuse of discretion. *Lizeth E. v. Roberto E.*, 317 Neb. 971, 12 N.W.3d 809 (2024).

A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018). When evidence is in conflict, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than the other. *Keiser v. Keiser*, 310 Neb. 345, 965 N.W.2d 786 (2021).

A trial court's decision to grant or deny a motion to reconsider is reviewed for an abuse of discretion. *County of Douglas v. Nebraska Tax Equal. & Rev. Comm.*, 296 Neb. 501, 894 N.W.2d 308 (2017).

## ANALYSIS

*Out-of-Time Answer.*

Mitchell argues that the district court erred in allowing Moffett to file an answer out-of-time and after Mitchell filed his motion for default judgment.

We note from our review of the record that Mitchell filed his motion for default judgment May 16, 2024 and noticed his motion for hearing June 4. On June 3, Moffett filed an answer and counterclaim. Our record does not contain a transcription of that hearing or whether it occurred, nor does it reflect what if any decision was made by the trial court concerning Moffett's out of time filing. Therefore, we decline to find any error in the district court's acceptance of Moffett's answer and counterclaim. See *William P. v. Jamie P.,* 313 Neb. 378, 984 N.W.3d 285 (2023) (in absence of record of evidence considered by court, it is presumed on appeal evidence supports trial court's orders and judgment).

Furthermore, Mitchell moved to dismiss Moffett's counterclaim but never moved to dismiss or strike Moffett's answer. An appellate court will not consider an argument or theory raised for the first time on appeal. *Saylor v. State*, 315 Neb. 285, 995 N.W.2d 192 (2023). Thus, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Id.* Even if we were to consider this assignment of error, we find no abuse of discretion

by the district court. See Neb. Ct. R. Pldg. § 6-1106 (rev. 2025) (allowing court to extend time). This assignment fails.

*Child Support Modification.*

Mitchell argues that the district court erred when it found insufficient proof of a material change in circumstances because of his reduced income. He claims that because his income was reduced, child support should be modified.

The party seeking modification must show by a preponderance of the evidence a material change in circumstances that has occurred after the entry of the previous order and that affects the best interests of the child. See *Mann v. Mann*, 316 Neb. 910, 7 N.W.3d 845 (2024). The party seeking modification of child support has the burden of showing a material change in circumstances that (1) occurred subsequent to the entry of the original marital dissolution decree or previous modification and (2) was not contemplated when the decree was entered. See *id.* The party seeking the modification has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification. *Keiser v. Keiser, supra*. Here, the issue is whether Mitchell produced sufficient proof.

The Nebraska Child Support Guidelines indicate that "[c]opies of at least 2 years' tax returns, financial statements, and current wage stubs should be furnished to the court and the other party to the action." See Neb. Ct. R. § 4-204(D) (rev. 2020). Mitchell provided his 2022 and 2023 tax returns. His 2024 tax return, which would include income from his current business, was not available. Mitchell did not provide wage stubs as he is self-employed. Mitchell only provided his profit and loss statements and testimony to prove his current income.

The district court implicitly found that the profit and loss statements lacked credibility because there was no documentary evidence, such as bank statements, to verify the numbers. See, also, *Nieto v. Nieto*, No. A-03-1298, 2005 WL 1802419 (Neb. App. Aug. 2, 2005) (not designated for permanent publication) (using profit and loss statements to find income but also receiving business bank statements into evidence). Nor did Mitchell provide documentary support for his additional income sources. Mitchell had the opportunity to provide documentary support through discovery and at trial but did not.

While the Child Support Guidelines indicate that certain financial documents should be provided, it is not required. Testimony alone may be sufficient to prove income. See *Burgardt v. Burgardt*, 304 Neb. 356, 934 N.W.2d 488 (2019) (finding that documentary evidence may be more persuasive, but not absolutely required). However, here, we give weight to the district court's implicit observation that Mitchell's testimony also lacked credibility. See *Keiser v. Keiser*, 310 Neb. 345, 965 N.W.2d 786 (2021). As such, Mitchell's evidence and testimony were both insufficient to prove a material change in circumstances. Therefore, he failed to meet his burden.

The district court did not abuse its discretion in finding insufficient proof of a material change in circumstances because of Mitchell's reduced income. Because there was insufficient proof of a material change in circumstances, a modification in child support was not warranted.

*Temporary Order to Suspend Child Support.*

Mitchell also argues that the district court erred in denying his motion for temporary order to suspend child support. Mitchell had the same burden to produce sufficient proof that a material

change of circumstances had occurred to temporarily suspend child support. See *Keiser v. Keiser, supra*.

As similarly discussed above, Mitchell failed to provide sufficient proof of a material change in circumstances. At the hearing for a temporary order to suspend child support, Mitchell provided even less evidence than he did at trial. As to income, he only provided his testimony, 2023 tax return, and affidavit. Only Mitchell's testimony was relevant to calculating his current income because his video game business had opened after the 2023 tax returns were completed.

As discussed, testimony may be sufficient, but, here, we give weight to the district court's implicit observations that Mitchell's testimony lacked credibility. Additionally, Mitchell did not provide any evidence regarding his business expenses to calculate income. As such, there was insufficient proof of Mitchell's income. Therefore, the district court did not err in denying the temporary motion to suspend child support.

*Motion to Reconsider.*

Mitchell argues that the district court erred in denying his motion to reconsider temporary suspension of child support. In support of his motion, Mitchell claimed that there was new evidence and that the district court erred in including food stamps in its estimated income valuation. Mitchell's claims are refuted by the record.

First, the evidence submitted at the hearing to reconsider consisted of a new affidavit of Mitchell, his 2023 tax returns, an updated proposed child support calculation, the previously ordered child support calculation, and his video game business profit and loss statements from January to June 2024. However, Mitchell had access to all this evidence at the time of the hearing on July 1. Therefore, this evidence was not newly discovered.

Next, we agree that the district court erred when it included food stamps in its stated estimate of income. "Total monthly income is the income of both parties derived from all sources, except all means-tested public assistance benefits." § 4-204(A). Food stamps are means-tested public assistance benefits. *Brockman v. Brockman*, 264 Neb. 106, 646 N.W.2d 594 (2002).

However, even though the court improperly included food stamps in its estimate of income, it is not reversible error. The erroneous admission of evidence in a bench trial is not reversible error unless the record shows that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through the use of erroneously admitted evidence. See *State on behalf of Natalya B. & Nikiah A. v. Bishop A.*, 24 Neb. App. 477, 891 N.W.2d 685 (2017). Here, the district court did not rely on the erroneously admitted evidence as a basis for denying Mitchell's request for temporary reduction in child support. The district court did not even include a calculation of Mitchell's gross monthly income in its written order. Instead, the district court relied upon Mitchell's failure to produce sufficient proof in denying the motion for a temporary order to suspend child support, as discussed above.

Therefore, the district court did not err in denying Mitchell's motion to reconsider because there was no new evidence and because the district court did not rely on inappropriate information.

## CONCLUSION

We conclude that the district court did not err in finding that there was insufficient proof of a material change in circumstances to modify child support. The district court did not abuse its discretion in allowing an out-of-time answer and in denying the motion to reconsider.

AFFIRMED.